IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS                                                          CRIMINAL ACTION NO. 1:08cr87WJG-RHW

NEALIE M. RUDOLPH (1) and
JOE C. RUDOLPH (2)

O R D E R

THIS CAUSE is before the Court on the motion [34] of Defendant Nealie M. Rudolph to dismiss Count 7 of the Indictment pending against her for lack of jurisdiction pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B). Co-Defendant Joe C. Rudolph filed his joinder [36] to the motion. Defendants are charged in a ten-count Indictment with knowingly and willfully making or causing to be made a false and fraudulent material statement or representation by filing claims for disaster relief with the Federal Emergency Management Agency [FEMA] and the United States Department of Agriculture; by filing a homeowners' assistance grant application with the Mississippi Development Authority [MDA], in violation of 18 U.S.C. §§ 2, 287 and 1001; with causing to be sent or delivered by the United States Postal Service certain disaster assistance checks in violation of 18 U.S.C. § 1341; with causing to be transmitted in interstate commerce certain wire communications in violation of 18 U.S.C. § 1343; and with stealing, purloining and knowingly converting to her own use greater than $1,000 in funds belonging to the United States of America. (Ct. R., Doc. 1.) The Rudolphs contend that the alleged false statements contained in Count 7 of the indictment were made to the MDA and were

not made in a matter within the jurisdiction of any department or agency of the United States as contemplated in 18 U.S.C. § 1001. (Ct. R., Doc. 35, p. 2.) These alleged false statements were on an application for a homeowner assistance grant from the MDA. (*Id*.) Nealie Rudolph claims that the federal government had no control over the grant program and the distribution of the grant at the time the application was made. (*Id*., pp. 2-3.)

On December 30, 2005, the Department of Defense Appropriations Act was approved in response to Hurricane Katrina. As part of that response, $11,500,000.00 was appropriated to the United States Department of Housing and Urban Development [HUD] for allocation to states for disaster relief. HUD was directed to monitor compliance with the allocation and may be "compelled to disallow expenditures if it [HUD] finds uses of funds are not disaster-related, or funds allocated duplicate other benefits." 71 FED.REG.29 (February 13, 2006.) The United States maintains that HUD supervised and controlled the development and implementation of the grant program in question in this case and did so at the time of the alleged false statements made on the Rudolphs' application for grant funds. (Ct. R., Doc. 40, p. 2.)

To satisfy the jurisdiction requirement of section 1001, the false statement must concern the "authorized functions of an agency or department" rather than "matters peripheral to the business of that body." *United States v. Rodgers*, 466 U.S. 475, 479 (1984). "A department or agency has jurisdiction, in this sense, when it has the power to exercise authority in a particular situation." *Rodgers*, 466 U.S. at 479. It is well settled that when federal funds pay for the benefits received and federal agencies have the ultimate authority to see that the federal funds are properly spent that the jurisdictional requirement of section 1001 is met. *United States v. Stanford*, 589 F.2d 285, 296-98 (7th Cir. 1978), *cert. denied* 440 U.S. 983 (1979) (involving

AFDC benefits). The United States Supreme Court has stated that jurisdiction within the meaning of section 1001 should not be narrowly or technically defined. *Rodgers*, 466 U.S. at 480. False statements need not be presented to an agency of the United States and federal funds need not actually be used to pay a claimant for federal funds for jurisdiction to exist under section 1001. *United States v. Suggs*, 755 F.2d 1538, 1542 (11th Cir. 1985); *United States v. Herring*, 916 F.2d 1543 (11th Cir. 1990); *United States v. Shafer*, 199 F.3d 826, 829 (6th Cir. 1999); *United States v. Davis*, 8 F.3d 923, 929 (2nd Cir. 1993); *see United States v. Smith*, 523 F.2d 771, 779 n.15 (5th Cir. 1975), *cert. denied* 429 U.S. 817 (1976). Accordingly, the Court concludes that the motion to dismiss Count 7 of the Indictment should be denied. It is therefore,

ORDERED AND ADJUDGED that the motion [35] to dismiss Count 7 of the Indictment be, and is hereby, denied.

SO ORDERED AND ADJUDGED this the 21st day of January, 2009.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE