IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


UNITED STATES OF AMERICA

VERSUS                                                    CRIMINAL NO. 1:08cr87WJG-RHW

NEALIE M. RUDOLPH and
JOE C. RUDOLPH

O R D E R

THIS CAUSE is before the Court on the supplemental motion [41] to sever his trial from that of his co-defendant Nealie M. Rudolph [Nealie] filed by Defendant Joe C. Rudolph [Joe]. Nealie has filed her joinder [43] to this motion. Upon review of the motions and supporting brief, (Ct. R., Doc. 42), the response and supporting brief of the United States of America [United States] (Ct. R., Docs. 55 & 56), and being familiar with the facts of this case, the Court finds Defendant's motion should be denied.

In this supplemental motion, Joe argues that his trial should be severed from that of Nealie in the event that Nealie invokes her right against self- incrimination and decides not to testify in a joint trial. (Ct. R., Doc. 42, p. 2.) Joe contends he would suffer severe prejudice if he were denied the right to produce exculpatory testimony. (*Id*.)

Joe asserts that because he and Nealie are married, she would have personal knowledge about where Joe was living at the time of the events alleged in the indictment. (*Id*., p. 3.) Joe contends he was living at the address at issue in this case at the time of Hurricane Katrina. (*Id*.)

According to the United States, joinder of the couple was proper because they are charged to have participated in the same series of acts or transactions. (Ct. R. Doc. 56, p. 2.) The United

States claims that both Defendants allegedly made false representations in filing claims for homeowners assistance grants with the Mississippi Development Authority following Hurricane Katrina. (*Id*., p. 3.) The United States maintains that Defendants were living together at a different address than the house located at 6742 Anna Avenue in Moss Point, Mississippi. (*Id*.) Accordingly, the United States asserts that the Defendants allegedly participated in the same series of acts or transactions constituting violations of 18 U.S.C. §§ 2 and 1001, making joinder of Defendants proper. (*Id*.)

The United States asserts that a severance should be granted only if a defendant identifies a specific and compelling prejudice against which the district court cannot provide protection and which would result in an unfair trial, and that there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants. (Ct. R., Doc. 55, p. 4.) *Zafiro v. United States*, 506 U.S. 534, 538-9 (1993). Persons indicted together generally should be tried together. *United States v. Mikolajczyk*, 137 F.3d 237, 240 (5th Cir. 1998), *reh'g & suggestion for reh'g en banc denied* 144 F.3d 53; & *cert. denied*, 525 U.S. 909. A defendant is not entitled to a severance merely because the evidence against a co-defendant is more damaging than the evidence against the other defendant. *United States v. Bieganowski*, 313 F.3d 264, 288 (5th Cir. 2002), *cert. denied* 538 U.S. 1014 (2003). Defendants are to be tried together if their indictments arise out of a common set of circumstances, even if there is a disparity in the quantum of the evidence. *See United States v. Cortinas*, 142 F.3d 242, 252 (5th Cir. 1998).

The granting of a motion for severance under Rule 14 of Federal Rules of Criminal Procedure is discretionary with the court. *United States v. Faulkner,* 17 F.3d 745, 758 (5th Cir. 1994), *reh'g & suggestion for reh'g en banc denied* 21 F.3d 1110; & *cert. denied*, 513 U.S. 870, & *reh'g dismissed* 513 U.S. 1105 (1995). The Court determines if actual prejudice to the

defendant is demonstrated and balances this consideration against the interests of judicial economy. *United States v. Cuesta*, 597 F.2d 903, 919 (5th Cir.), *cert. denied*, 444 U.S. 964 (1979).

A defendant must make a threshold showing of four factors before a court can consider granting a severance to introduce exculpatory testimony of a co-defendant: (1) a bona fide need for the testimony; (2) the substance of the testimony; (3) its exculpatory nature and effect; and (4) that the co-defendant will in fact testify if the cases are severed. *United States v. Daly*, 756 F.2d 1076, 1080 (5th Cir. 1985), 474 U.S. 1022. In this case there is nothing from Nealie which shows the substance of her proposed testimony that Joe was living at the address at the time of Hurricane Katrina nor the exculpatory value of any such testimony. Furthermore, there is nothing in the record to establish that Nealie would in fact testify on behalf of Joe if the cases were severed, other than her attorney's assertions in the motion for joinder. The Court concludes that a severance clearly is not warranted on this basis. After consideration of the evidence before the Court, there is no showing in Defendant's motion of the extent of prejudice necessary to justify a severance. It is, therefore,

ORDERED that Defendant Joe C. Rudolph's supplemental motion [41] to sever be, and is hereby, denied.

SO ORDERED, this the 22nd day of January, 2009.

                                              *Walter J. Gex III*
                                  UNITED STATES SENIOR DISTRICT JUDGE