IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS                                                                    CRIMINAL NO. 1:08cr87WJG-RHW

NEALIE M. RUDOLPH (1) and,
JOE C. RUDOLPH (2)

O R D E R

THIS CAUSE is before the Court on the motion [94] of the United States of America, [United States] to dismiss the indictment pending against these Defendants without prejudice pursuant to Federal Rule of Criminal Procedure 48(a). Defendants are charged in a ten-count indictment which charges them with knowingly and willfully making or causing to be made a false and fraudulent material statement or representation, by filing claims for disaster relief with the Federal Emergency Management Agency [FEMA], the United States Department of Agriculture [USDA] and by filing a homeowners' assistance grant application with the Mississippi Development Authority [MDA], in violation of 18 U.S.C. §§ 2, 287 and 1001; with causing to be sent or delivered by the United States Postal Service certain disaster assistance checks in violation of 18 U.S.C. § 1341; with causing to be transmitted in interstate commerce certain wire communications in violation of 18 U.S.C. § 1343; and with stealing, purloining and knowingly converting to their own use greater than $1,000 in funds belonging to the United States. (Ct. R., Doc. 1.)

According to the United States, previously unknown evidence was recently received by the United States concerning additional crimes and losses of government funds which allegedly involve Nealie Rudolph. (Ct. R., Doc. 99, p. 1.) Another individual currently not a defendant in this case is allegedly involved, and the United States indicates that additional time is necessary to investigate the matter and for factual development. (*Id*.) The United States could not seek restitution for these additional losses of government funds should the case proceed to trial under the current indictment. (*Id*.) The United States seeks to dismiss the indictment to allow this investigation to proceed to an indictment in the future. (*Id*., p. 2.) The United States urges that the interests of justice would best be served if all related charges are tried in the same proceeding. (*Id*.)

Defendants Nealie M. Rudolph and Joe C. Rudolph separately assert that the motion to dismiss the indictment should be denied because the motion to dismiss was not presented in good faith. (Ct. R., Docs. 96, 97.) In addition, Defendants invoke their rights under the Speedy Trial Act in opposing the motion to dismiss. (Ct. R., Docs. 97, 98.) According to Mr. Rudolph, the United States has had ample time to conduct the investigation of any criminal charges brought against him, and is harassing him by bringing the motion to dismiss. (Ct. R., Doc. 96, p. 2.)

Rule 48(a) of the Federal Rules of Criminal Procedure addresses dismissal of an indictment and provides as follows:

> (a) **By the government**. The government may with leave of court, dismiss an indictment, information or complaint.

A request to dismiss is improper under the rules "if motivated by bad faith," which is found when the United States is motivated "by considerations clearly contrary to the public interest." *United States v. Salinas*, 693 F.2d 348, 351 (5th Cir. 1982). The United States must

do more than offer conclusory reasons for the dismissal. *United States v. Welborn*, 849 F.2d 980, 985 (5th Cir. 1988).

In this case, the United States has indicated that it recently discovered possible further criminal charges involving at least one of the defendants in this case which relate to the charges brought in the current indictment. (Ct. R., Docs. 94, 99.) Defendants assert that the United States' motion was advanced in bad faith and seeking to dismiss the current indictment constitutes harassment. (Ct. R., Docs. 96, 97.)

The Court, however, finds that the motion to dismiss under Rule 48(a) brought by the United States was motivated by good faith. Further investigation into evidence of additional criminal activity in connection with the events surrounding this case and additional criminal charges in an effort to fully restore the United States, should the charges prove to have merit, is certainly in the public interest. Accordingly, the Court finds that the United States has demonstrated good faith in bringing the motion to dismiss. It is therefore,

ORDERED AND ADJUDGED that the motion [94] to dismiss the indictment in this matter without prejudice filed by the United States pursuant to Federal Rule of Criminal Procedure 48(a) be, and is hereby, granted.

SO ORDERED AND ADJUDGED this the 23rd day of February, 2009.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE